# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

| | |
|---|---|
| FREDERICK BANKS, REG #05711-068 | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | *   No. 2:13CV00070-SWW-JJV |
| W. ROBERTS, Correctional Officer, | * |
| FCI-Forrest City; *et al.,* | * |
| | * |
| Defendants. | * |

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, Frederick Banks, filed this *pro se* action pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[1] with an Application to Proceed Without Prepayment of Fees and Affidavit ("Application"). (Doc. No. 1.) However, at least three of Plaintiff's prior complaints have been dismissed as frivolous and/or for failure to state a claim, and he is considered a three-striker.[2,3] After carefully reviewing this Complaint (Doc. No. 2), the Court

---

[1] In *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Court held that victims of constitutional violations by federal agents have a right to recover damages against them in federal court, just as 42 U.S.C. § 1983 provides redress for constitutional violations by state officials. *See also Hartman v. Moore*, 547 U.S. 250, 255 n.2 (2006) (explaining that "a *Bivens* action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983").

[2] *See Banks v. Vio Software, et al.*, 1:07CV00587ZLW (D. Colo. July 10, 2007) and *Banks v. Vio Software*, 2008 WL 1886052 (10th Cir. 2008) (unpublished) (two strikes assessed by United States Court of Appeals for the Tenth Circuit - one for filing a frivolous matter in district court and one for taking a frivolous appeal); *Banks v. Dove, et al.*, 1:06CV02289CCC-AM (M.D. Pa. Jan. 16, 2007) (dismissed as frivolous); *Banks v. Hayward, et al.*, 2:06CV01572GLL-ARH (W.D. Pa. Jan. 10, 2007) (dismissed as frivolous and/or failure to state a claim).

[3] The Prison Litigation Reform Act of 1996 enacted what is commonly referred to as the "three strikes" provision, codified at 28 U.S.C. § 1915(g). *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Section 1915(g) specifically provides that:
 In no event shall a prisoner bring a civil action or appeal a judgment in a civil action

finds the law requires that this case be dismissed without prejudice pursuant to the three-strikes rule and that his Application (Doc. No. 1) should be DENIED.

**II.    ANALYSIS**

Despite his status as a three-striker, Plaintiff may still proceed *in forma pauperis* If he is under imminent danger of serious physical injury. The United States Court of Appeals for the Eighth Circuit has explained that this exception applies only if a threat of imminent danger exists at the time of the filing of the complaint. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). The imminent danger exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct. *Martin*, 319 F.3d at 1050.

Here, Plaintiff alleges the Defendants violated his Fourth Amendment rights when they used "'brainwave' technology to record, monitor and communicate with Plaintiff[.]" (Doc. No. 2 at 1.) He also alleges the Defendants violated his equal protection rights when they denied him access to a word processor in the prisoner library. (*Id.*) Based on the allegations in the Complaint, the Court finds Plaintiff is not in imminent danger of serious physical injury and is not entitled to invoke the imminent danger exception to the three-strikes rule. Nevertheless, if Plaintiff has any facts showing that he is somehow in imminent danger of serious physical harm, he should include those facts in his objections to the district judge.

**III.    CONCLUSION**

---

       or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (West 2010).

IT IS, THEREFORE, RECOMMENDED THAT:

1. Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (Doc. No. 1) should be DENIED.

2. The Complaint (Doc. No. 2) should be DISMISSED without prejudice pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g).

3. If Plaintiff wishes to continue this case, he should submit within thirty (30) days of the entry of an Order adopting this Recommended Disposition: (a) the statutory filing fee of $400, in full, to the Clerk, noting the case style and number; and (b) file a motion to reopen the case.

4. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

DATED this 10th day of June, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE